IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CORNELL W. COLBERT,

     Petitioner,

v.

ROBERT SCHIEDLER,

     Respondent.

Civil No. 04-1841-BR

OPINION AND ORDER

    **CORNELL W. COLBERT**
    SID #12832371
    Warner Creek Corr. Facility
    20654 Rabbit Hill Rd.
    Lakeview, OR  97630

        Petitioner *Pro Se*

    **HARDY MYERS**
    Attorney General
    **DENIS M. VANNIER**
    Assistant Attorney General
    Department of Justice
    1162 Court Street N.E.
    Salem, OR  97301

        Attorneys for Respondent

1 - OPINION AND ORDER -

**BROWN, Judge.**

Petitioner brings this habeas corpus action pursuant to 28 U.S.C. § 2254 *pro se*.[1]  For the reasons that follow, the Court **DENIES** the Petition for Writ of Habeas Corpus and **DISMISSES** this action.

## BACKGROUND

On August 4, 1999, Petitioner approached Kathy Mai, an employee of the United States Department of Fish and Wildlife, who was standing near her government van at a boat ramp.  Petitioner came up behind the victim, grabbed her throat, and began to strangle her.  He dragged her into her van, where the two fell to the floorboard.

Petitioner continued to choke the victim, until she began to lose consciousness.  The victim believed Petitioner was trying to kill her.  She managed to fight back and gouged Petitioner in the eyes strongly enough to cause Petitioner to bleed.  Petitioner released his grip on the victim's throat.  She fled the scene and contacted police.  Petitioner drove away in the van.

Petitioner left his auto at the scene, and after obtaining Petitioner's address and spotting the van nearby, police officers apprehended Petitioner at his home.  Petitioner's eyes were

---

[1]The Court previously appointed the Federal Public Defender to represent Petitioner upon Petitioner's motion, but later granted Petitioner's request to remove counsel and allow him to proceed *pro se*.

injured, consistent with the victim's account of the incident. The victim identified Petitioner from a photo lineup, and police obtained other evidence corroborating her statements, including her shirt, which had Petitioner's blood on it, and fingerprints from the van. Additionally, Petitioner's girlfriend reported that Petitioner told her "I've screwed up big time. You're going to hate me."

Once Petitioner was in custody at the police station, officers read and explained Petitioner's rights, and Petitioner signed a statement acknowledging his understanding. Petitioner was emotional and tearful throughout the interview. He admitted he grabbed the victim around the neck from behind, that he was trying to force her into the van, and that he was planning on stealing money and the van.

On August 12, 1999, a Multnomah County grand jury indicted Petitioner on charges of Attempted Aggravated Murder, Kidnaping in the First Degree, Robbery in the First Degree, Assault in the Fourth Degree, and Unauthorized Use of a Motor Vehicle. After settlement conferences with the trial judge, Petitioner agreed to a contract plea whereby he pleaded no contest to Kidnaping in the First Degree and Attempted Robbery in the First Degree. In exchange, the state dismissed the remaining charges, and the trial judge entered a Ballot Measure 11 sentence of 90 months on the Kidnaping conviction and an upward departure sentence of 30 months

on the Attempted Robbery conviction. The sentences were run consecutively for a total of 120 months of imprisonment.

Petitioner directly appealed, but later moved to voluntarily dismiss the appeal. Petitioner then filed a petition for state post-conviction relief ("PCR"). Following an evidentiary hearing, the PCR trial judge denied relief. Petitioner appealed, and the Oregon Court of Appeals affirmed without opinion and the Oregon Supreme Court denied review. *Colbert v. Schiedler*, 194 Or. App. 329, 95 P.3d 757, *rev. denied*, 337 Or. 555, 101 P.3d 809 (2004).

On December 20, 2004, Petitioner filed his federal habeas petition in this Court. On May 26, 2005, the Court entered an order deeming the petition dismissed and re-filed as of January 10, 2005. Petitioner alleges four primary grounds for habeas corpus relief[2]:

> **Ground One:** Trial counsel never discussed the likelihood of success of each pretrial motion. . . . No where in trial counsel's affidavit does counsel say or indicate that she discussed the likelihood of success of the motion to suppress.
>
> **Ground Two:** Trial counsel did not discuss and review all pretrial motions with petitioner. . . . Counsel never discussed the motion to suppress with petitioner on the day of the plea hearing.

---

[2]The Petition contains lengthy discussion sections with each of the four claims which are not reproduced here. To some extent, the lengthy discussion might be construed as alleging numerous additional claims for relief. So construed, those claims are included in the procedural default analysis set forth below.

4 - OPINION AND ORDER -

> **Ground Three:** Trial counsel did not fully and completely consult with petitioner in order to insure that he entered a knowing, intelligent, and voluntary plea.
>
> **Ground Four:** The PCR court used the wrong standard to determine if petitioner's plea was made knowingly, intelligently, and voluntarily.

Respondent argues Petitioner failed to state a claim upon which habeas relief may be granted in parts of Ground Three and in Ground Four, that Petitioner procedurally defaulted the remaining claims alleged in Ground Three, and that, in any event, the state PCR court's decision denying relief on the remaining claims is entitled to deference.

## DISCUSSION

### I. Failure to State a Claim Upon Which the Court May Grant Federal Habeas Corpus Relief

This Court may entertain an application for writ of habeas corpus by a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "Federal habeas corpus relief does not lie for errors of State law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotations omitted).

In Ground Three, Petitioner alleges his no contest plea was invalid under a "five point component requirement established by the Oregon Court of Appeals to determine if an accused who plead no contest was sufficiently advised as to the nature or elements

5 - OPINION AND ORDER -

of the offense," citing *Capps v. Cupp*, 68 Or. App. 327, 681 P.2d 158, *rev. denied*, 297 Or. 546, 685 P.2d 997 (1984). In Ground Four, Petitioner alleges the state PCR trial judge incorrectly applied a state-law standard to determine whether Petitioner's plea was knowing, intelligent, and voluntary. Because both of the these claims rest upon alleged violation of state law, Petitioner is not entitled to federal habeas corpus relief.

## II. **Relief on the Merits - Ineffective Assistance of Counsel**

### A. Legal Standards

#### 1. Deference to State Court

An application for a writ of habeas corpus shall not be granted unless adjudication of the claim in state court resulted in a decision that was: (1) "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

A state court decision is "contrary to ... clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme]

Court and nevertheless arrives at a result different from [that] precedent." *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). Under the "unreasonable application" clause, a federal habeas court may grant relief "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id*. at 413.

The "unreasonable application" clause requires the state court decision to be more than incorrect or erroneous. *Id*. at 410. The state court's application of clearly established law must be objectively unreasonable. *Id*. at 409.

An unreasonable determination of the facts occurs when the state court makes evidentiary findings without giving petitioner an opportunity to present evidence, misstates the record, ignores the record, or misapprehends the evidence presented. *Taylor v. Maddox*, 366 F.3d 992, 1001 (9th Cir.), *cert. denied*, 543 U.S. 1038 (2004). If upon review of the evidence on which the state court based its determination the federal court does not find the determination unreasonable, the state court findings are presumed to be correct. A petitioner can rebut this presumption only by presenting clear and convincing evidence that the state court findings of fact are in error. *Miller-El v. Cockrell*, 537 U.S. 322, 341-42 (2003).

The presumption of correctness of a state court's finding of fact applies only to pure questions of historical fact. *Lambert v. Blodgett*, 393 F.3d 943, 976 (9th Cir. 2004), *cert. denied*, 546 U.S. 963 (2005). State decisions applying law to fact, *i.e.*, "mixed" questions of law and fact, fall under 28 U.S.C. § 2254(d)(1).

### 2. Ineffective Assistance of Counsel

The Supreme Court set forth the standards for deciding a claim of ineffective assistance of counsel in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to prevail on such a claim, a petitioner must show: (1) grossly deficient performance by his counsel; and (2) resultant prejudice. *Id*. at 687. Applying the two-part *Strickland* standard, the Supreme Court held that a petitioner seeking to challenge the validity of a guilty plea on the ground of ineffective assistance of counsel must show that: (1) his "counsel's representation fell below an objective standard of reasonableness;" and (2) "there is a reasonable probability that, but for [his] counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 57-59 (1985).

**B. Analysis**

   At trial in his PCR proceeding, Petitioner pursued three closely related ineffective assistance of counsel claims[3]: (1) trial counsel "failed to file any motions because she relied on the government's version of fact and not based on her own reasonable investigation;" (2) that trial counsel never informed petitioner of the filing of a motion to suppress his statements to police or any other defensive tactics that would be used in his defense; and (3) that trial counsel "failed to strike the indictment."

   Following an evidentiary hearing, the PCR trial judge entered extensive Findings of Fact and Conclusions of Law addressing these claims:

   **FINDINGS OF FACT**

   * * *

   5. Cheryl Albrecht (hereinafter "counsel") represented petitioner in the underlying proceedings resulting in petitioner's convictions. Counsel investigated the facts of petitioner's case and hired an investigator to conduct further investigation and interview all witnesses. Counsel consulted with Dr. Brady for the purpose of presenting mitigating evidence on behalf of petitioner. Counsel consulted with DNA expert Dr. Karin Rodland to analyze all DNA samples taken in the case. Counsel consulted with petitioner throughout the case and

---

[3]In his Formal Amended Petition for Post Conviction Relief, Petitioner alleged additional ineffective assistance claims. As discussed below, however, Petitioner affirmatively waived those claims at trial.

9 - OPINION AND ORDER -

shared all information, trial strategy, and pre-trial strategy plans with him. There existed no additional evidence or witnesses in petitioner[']s case that counsel failed to uncover.

6. Petitioner voluntarily waived his Miranda rights and spoke with Detective's [sic] regarding his case. Petitioner used crack cocaine the night before the crimes. Petitioner admitted that he grabbed Ms. Mai from behind, and around the neck. Petitioner admitted that he forced Ms. Mai into her van with the intention of taking the van and any money she may have had on her at the time.

7. Counsel reviewed all of the elements of all of the charges contained within the indictment with petitioner on several occasions. Counsel advised petitioner of the maximum possible sentence he could receive if convicted after trial. Counsel advised petitioner about the benefits of accepting the plea bargain offered by the state. Counsel advised petitioner about the plea agreement and the sentence he would receive after he entered the plea.

8. Counsel filed a Motion to Suppress Statements, an objection to Measure 11, and a demurrer to the indictment prior to the entry of petitioner's plea. Counsel also filed a request for preliminary hearing. Counsel discussed and reviewed all pre-trial motions with petitioner. Counsel also discussed the likelihood of success of each pre-trial motion and the benefits and disadvantages of taking the plea or proceeding to trial.

9. The trial court did not deny counsel's Motion to Suppress on the basis that it was untimely filed. Counsel filed a timely Motion to Suppress and withdrew the Motion with petitioner's consent based upon petitioner's desire to accept the plea offer from the State.

### CONCLUSIONS OF LAW

1. Based on the findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied

> the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme Court in *Strickland v. Washington*, 466 U.S. 688 (1984) or the Constitution of the State of Oregon.
>
> * * *
>
> 4. Petitioner entered a knowing, intelligent, and voluntary plea to the charges after full and complete consultation with counsel.
>
> 5. The indictment was sufficient [and] counsel had no legal basis to proceed with a motion to strike the indictment.
>
> 6. Petitioner voluntarily and intelligently waived his right to proceed forward with the Motion to Suppress Statements and demurrer to the indictment when he accepted the plea offer from the state.
>
> 7. Petitioner knowingly and intelligently waived his Miranda rights and voluntarily spoke to Detectives.
>
> 8. The court thoroughly reviewed with petitioner all of the charges in the plea [petition] prior [to] accepting petitioner's plea. The court thoroughly reviewed with petitioner all of the rights he was waiving as a result of his plea to the charges, including his right to attack the indictment and the sufficiency of the evidence.

Resp. Exh. 122, pp. 5-8.

The PCR court's conclusion that Petitioner received constitutionally effective assistance of counsel was not contrary to or an unreasonable application of the standards set forth in *Strickland* and *Hill*. Petitioner does not present clear and convincing evidence rebutting the PCR court's factual findings that counsel discussed potential pretrial motions with Petitioner, including the motion to suppress, and that counsel fully advised

Petitioner of the elements of the charged crimes and the potential sentences. Because the PCR court's conclusions that Petitioner's guilty plea was knowing, intelligent, and voluntary, and that counsel rendered constitutionally effective advice were not objectively unreasonable, his decision is entitled to deference under 28 U.S.C. § 2254(d), and Petitioner is not entitled to habeas corpus relief in this Court.

### III. **Procedurally Defaulted Claims**

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal, or through collateral proceedings, before a federal court may consider granting habeas corpus relief. *See* 28 U.S.C. § 2254(b)(1). A claim that was not, and can no longer be, fairly presented in state court is procedurally defaulted. *O'Sullivan v. Boerdkel*, 526 U.S. 838, 848 (1999). Petitioners are barred from raising procedurally defaulted claims in federal court unless they demonstrate: (1) "cause" for failing to properly present the claim to the state court and "actual prejudice" resulting from such failure; or (2) "a fundamental miscarriage of justice." *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman v. Thompson*, 501 U.S. 722, 732 (1991).

As noted above, Petitioner makes various other claims throughout the discussion sections of his Petition (and in his memoranda in support thereof), including claims he was not

12 - OPINION AND ORDER -

adequately advised of the nature of the charges against him and that detectives violated his *Miranda* rights. To the extent these vague allegations can be construed as alleging separate grounds for relief, however, Petitioner waived those claims in the state PCR proceeding. As such, he did not fairly present them in state court, and they are now procedurally defaulted. Because Petitioner has not established cause and prejudice or a fundamental miscarriage of justice excusing his procedural default, habeas corpus relief must be denied.

## **CONCLUSION**

For these reasons, the Court DENIES the Petition for Writ of Habeas Corpus and DISMISSES this action.

IT IS SO ORDERED.

DATED this ___10th___ day of October, 2007.

                          ___/s/ Anna J. Brown___
                          ANNA J. BROWN
                          United States District Judge